UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN M BEMBENEK and
SUSAN MARIE DANDRIDGE,
        Plaintiffs,

    v.                                    Case No. 09-C-1201

AURORA HEALTH CARE, INC.,
        Defendant.

## ORDER

Plaintiffs Bembenek and Dandridge petitioned for bankruptcy under Chapter 13, and in each of their cases, defendant Aurora filed a proof of claim form and attached invoices for unpaid medical bills containing medical information about plaintiffs. Believing that Aurora's action violated a state statute protecting the confidentiality of medical information, plaintiffs filed putative class actions against Aurora in state court. Pursuant to 28 U.S.C. § 1452, Aurora removed the suits to this court. Pursuant to 28 U.S.C. § 157(a) and a standing order of this court, defendant filed the notice of removal with the bankruptcy court, thereby referring the suits to that court and commencing adversary proceedings within plaintiffs' bankruptcy cases. Pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, Aurora now asks me to withdraw the reference to the bankruptcy court and address plaintiffs' suit in this court.

Under § 157(d), I <u>must</u> withdraw the reference if resolution of the issues presented requires substantial and material consideration of non-bankruptcy federal law. <u>In re Vicars Ins. Agency, Inc.</u>, 96 F.3d 949, 952 (7th Cir. 1996). However, in the present case, I need

not withdraw the reference because plaintiffs' suits present issues of state rather than federal law. Also, under § 157(d), I <u>may</u> withdraw the reference if the movant establishes cause for doing so. In determining whether there is cause, I consider such factors as whether the adversary proceeding is within the bankruptcy court's core jurisdiction (i.e., whether it is "a core proceeding"), judicial economy and convenience. <u>In re Sevko, Inc.</u>, 143 B.R. 114, 117 (N.D. Ill.1992); <u>Vista Metals Corp. v. Metal Brokers Internat'l Inc.</u>, 161 B.R. 454 (E.D. Wis.1993).

I conclude that at the present time, Aurora does not establish cause to withdraw the reference. This is so for several reasons. First, the adversary proceedings are core proceedings because they involve counterclaims by bankrupts' estates against claimants. <u>See</u> § 157(b)(1)(C). Also, the bankruptcy court is well-suited to address the question of whether bankruptcy law required Aurora to disclose the material to which plaintiffs object because it has particular expertise in bankruptcy law. The bankruptcy court has also considered several motions in these cases and is familiar with their facts and circumstances. Thus, considerations of judicial economy and convenience favor the bankruptcy court. Aurora argues that the fact that plaintiffs seek class certification and have requested a jury trial in bankruptcy court (to which Aurora does not consent) weigh in favor of withdrawal of the reference. However, the bankruptcy court may lawfully handle a class action, and I have no reason to believe it cannot do so competently. As for the issue of a jury trial, if down the road it appears that a jury will actually be required (which would be a rare occurrence), Aurora is free to file another motion to withdraw the reference.

Therefore,

2

Case 2:09-cv-01201-LA   Filed 03/19/10   Page 2 of 3   Document 5

**IT IS ORDERED** that defendant's motion to withdraw is **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 19 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge